**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | | |
|---|---|---|
| TARZ MITCHELL, | ) | 2:12-cv-02082-RCJ-CWH |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| GREG COX, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's unopposed Motion to Compel (#31), filed December 17, 2013. It is also before the Court on Defendants' Motion to Stay Discovery (#33), filed December 24, 2013 and Plaintiff's Response (#37), filed January 8, 2014.

## BACKGROUND

The complaint in this matter was originally filed on December 6, 2012, along with Plaintiff's motion/application for leave to proceed *in forma pauperis*. (#1). Because Plaintiff was a prisoner in the custody of the Nevada Department of Corrections, the complaint was screened pursuant to 28 U.S.C. § 1915A.[1] (#3). The screening order addressed each of the causes of action set forth by Plaintiff against the various defendants and addressed the claims as follows:

**Count 1.** The Court held that Plaintiff stated a colorable First Amendment claim against Defendants Cox, Burson, Foster, and Williams. The claim is based on the allegation that the defendants retaliated against Plaintiff for filing grievances about harassment and discrimination by filing baseless notices of charges against him.

**Count 2.** The Court held that Plaintiff stated colorable First Amendment (free exercise of religion), retaliation, RLUIPA, and Fourteenth Amendment equal protection claims against Defendants Williams, Burson, Cox, Foster, and Reyes. Count II is based largely on the allegation that Defendants cut his calories to less than the state and federal recommended 1200

---

[1] The screening order (#3) was entered by Judge Jones, but the case has since been reassigned to Judge Dorsey.

daily calories and fed him roach infested food so that he would forego Kosher meals. It is further claimed that Defendants retaliated against Plaintiff for filing grievances regarded the alleged behavior.

**Count 3.** The Court dismissed Defendants Brian Sandoval, Catherine Cortez Masto, and Ross Miller for failure to state a claim upon which relief could be granted. The Court held, however, that Plaintiff stated colorable First Amendment, Fourteenth Amendment equal protection, and RLUIPA claims against Defendants Williams, Burson, and Dressen for allegedly permitting white Jews to observe Passover, but excluding black Jews.

**Count 4.** The Court held that Plaintiff stated colorable First Amendment (free exercise), retaliation, Fourteenth Amendment equal protection, and RLUIPA claims against Defendants Jones, Willett, and Courtney. The claims are based on alleged retaliation and racial discrimination against Plaintiff as a result of grievances filed.

**Count 5.** The Court held that Plaintiff stated colorable First Amendment (free exercise), retaliation, and Fourteenth Amendment equal protection claims against Defendants Williams, Burson (to the extent not duplicative of count III), Youngblood, Calderon, and Foster. The claims are based on the alleged refusal to allow Plaintiff to worship on the Sabbath and the cancelling of worship service in retaliation for filing grievances.

**Count 6.** The Court held that Plaintiff stated colorable Eighth Amendment excessive force, retaliation, and Fourteenth Amendment equal protection claims against Defendants Brown, Guerro, and Espinoza.

*See* Screening Order (#3). As a result of the screening order, Plaintiff's claims in count III against Defendants Sandoval, Cortez-Masto, and Miller were dismissed with prejudice and without leave to amend. All other claims were permitted to proceed.

After screening, the complaint was filed and the case stayed for ninety (90) days to permit the parties to participate in the Inmate Early Mediation Program. *See* Screening Order (#3) and Order (#5). The Nevada Attorney General's office made a limited appearance on behalf of the defendants to facilitate the mediation. On June 10, 2013, the Attorney General's office submitted a report indicating

that the parties were unable to reach settlement during the 90-day stay. Consequently, Plaintiff's motion/application to proceed *in forma pauperis* was granted. (#8). On July 9, 2013, the Attorney General's office entered a notice of acceptance of service on behalf of the following defendants: James G. Cox, Brian Williams, Cheryl Burson, Sheryl Foster, Johnny Youngblood, Francis Dreesen, Oswald Reyes, Jimmy Jones, Dean Willet, Julio Calderon, and Canute Brown. *See* Notice of Acceptance Service (#11). The Attorney General's office declined to accept service on behalf of Defendant Nathan Courtney because he was no longer an employee of the Nevada Department of Corrections, but indicated it would file his last known address under seal pursuant to the Court's prior order (#8).[2] The Attorney General also declined to accept service on behalf of Defendants "C/O Guerro" and "C/O Espinoza" because they could not be identified as either present or former employees of the Nevada Department of Corrections.

On July 30, 2013, Plaintiff filed a motion identifying the unserved defendants and requesting issuance of a summons. *See* Mot. (#13). On October 31, 2013, Plaintiff's motion was granted to the extent that the Clerk was ordered to issue summons for Defendant Courtney and deliver a copy of the summons and complaint to the United States Marshal for service. *See* Order (#24). The Nevada Attorney General's office was ordered to file notice within 21-days of the order indicating whether it would accept service on behalf of Defendants Espinoza and Guerro based on the additional information provided by Plaintiff. To the extent it was unable to accept service and had access to the last known address, the Attorney General's office was ordered to provide that information under seal. A copy of the summons and complaint for Defendant Courtney were hand delivered by Court staff to the United States Marshal for service. To date, there is no record that Defendant Courtney has been served. On November 21, 2013, the Nevada Attorney General submitted the last known address for Defendant Espinoza. It does not appear that Defendant Espinoza has been served either.

On August 15, 2013, the appearing Defendants filed a motion requesting additional time to file a responsive pleading. (#14). The motion was granted (*see* Order (#15)) and, thereafter, on October 3, 2013, the appearing Defendants filed a motion to dismiss. *See* Mot. (#17). On October 8, 2013, just

---

[2] The Nevada Attorney General filed a sealed notice of last known address for Defendant Nathan Courtney. (#12).

3

1  after Defendants filed their motion to dismiss, Plaintiff filed a motion requesting that the Court enter a
2  scheduling order. (#19). Because Defendants' motion to dismiss constituted a first appearance in this
3  matter, Plaintiff's motion was granted. (#20). The discovery cutoff date was set for January 14, 2014.[3]
4  The Scheduling Order also required any discovery motions to be filed by January 6, 2014. It set the
5  dispositive motions deadline as February 13, 2014. Currently there are four motions pending: Plaintiff's
6  Motion to Compel (#31), Defendants' Motion to Stay (#33), Defendants' Motion for Summary
7  Judgment (#39), and Defendants' Motion to Strike (#46).[4] This order addresses the motion to compel
8  (#31) and the motion to stay (#33).

### 1. Plaintiff's Motion to Compel (#33)

Plaintiff's motion to compel is straightforward. He seeks an order compelling Defendants Williams, Cox, Foster, Dressen, Youngblood, Burson, and Brown to respond to Rule 33 interrogatories. The interrogatories are set forth, in their entirety, within the body of the motion. *See* Local Rule 26-7(a) ("All motions to compel discovery or for protective order shall set forth in full the text of the discovery originally sought and the response thereto, if any.). Plaintiff argues that the interrogatories are not being used to intimidate or harass the defendants. He asserts that the interrogatories are vital to his case and that the answers will "shed light" on Defendants allegedly unconstitutional conduct. He further claims that Defendants are circumventing the discovery process by refusing to provide him with discovery responses. Shortly after filing the initial motion, Plaintiff filed a motion to submit exhibits inadvertently excluded from the motion to compel, including a copy of a letter sent to Defendants' counsel requesting responses to outstanding discovery in order to avoid the need to file a motion to compel. *See* Ex. 1 attached to Pl.'s Mot. (#34). Also attached as an exhibit is the proof of service for the discovery

---

[3] The Scheduling Order incorrectly identifies this date as January 14, 2013. That, however, is a typographical error. The cutoff date was January 14, 2014.

[4] The motion to strike asks that the Court strike Plaintiff's sur-reply (#45) relating to the pending motion for summary judgment.

4

requests. Ex. 2.[5] The motion (#34) was granted. *See* Order (#36). Defendants did not file a response to Plaintiff's motion to compel.

### 2. Defendants' Motion to Stay (#33)

Though they did not file a response to Plaintiff's motion to compel (#31), the Defendants did file a motion to stay all discovery pending resolution of Defendants' motion to dismiss (#17). The motion to stay was filed within the time period that the response to Plaintiff's motion to compel was due. Defendants do not contest the fact that they received Plaintiff's discovery requests or that they did not respond to the discovery requests. The premise of the motion to stay is simple: "Plaintiff has prematurely served discovery prior to Defendants responding to the Complaint . . . ." *See* Defs' Mot. (#33) at 4:21-23. Defendants contend that discovery must be stayed because, until the Court rules on the pending motion to dismiss, it is not possible to determine whether a matter is relevant. Defendants generally argue that Plaintiff will be unable to proceed if the motion to dismiss is granted. They also claim that staying the case until the motion to dismiss is resolved will serve the general goal of efficiency.

Plaintiff characterizes the motion to stay as "another dilatory tactic to delay the requested discovery. . . ." *See* Pl.'s Resp. (#37) at 1. Plaintiff argues that, by their own admission, Defendants' motion to dismiss, even if granted in its entirety, is not dispositive of all the claims. *See* Defs' Mot. (#17) at 13:13 ("The only claim that remains should be the excessive force claim in Count VI."). Defendant Brown, who is named in Count VI, has appeared in this matter through counsel.[6] On this ground, Plaintiff requests that the motion to stay be denied and discovery responses ordered. Defendants did not file a reply. However, on January 14, 2014, the discovery cutoff date, the parties filed a stipulation to extend discovery. The stipulation was not filed on behalf of all Defendants but limits its requested extension to Defendant Burson due to her "being out of the jurisdiction." The stipulation asks

---

[5] The Court granted Plaintiff's motion to supplement the motion to compel with the exhibits. *See* Order (#36).

[6] Neither Defendant Guerro nor Espinoza has been served.

5

that the discovery deadline be extended until thirty (30) days after a decision on the pending motion to dismiss.[7]

**DISCUSSION**

**1. Motion to Stay**

The motion to compel and motion to stay are related. The Court will first address the motion to stay, which will be denied for several reasons. First, though styled as a generalized motion to stay discovery, the motion is really a motion for a protective order relieving Defendants of their obligation to respond to Plaintiff's discovery requests that are the subject of the motion to compel. Federal Rule of Civil Procedure 26(c) provides that "[a] party or any person from whom discovery is sought may move for a protective order . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A). The rule requires that the party requesting the protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Moreover, a protective order directed toward specific discovery requests is a discovery motion. Local Rule 26-7(b) states that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action." After review, the Court finds that Defendants' counsel failed to submit the certification required under the Local Rules demonstrating a good faith effort to personally consult prior to filing this motion.

Second, even considering Defendants' motion for protective order as one to preclude all discovery, Defendants have failed to carry their "heavy burden" to show that discovery should not be had. Courts have broad discretionary power to control discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011), the court

---

[7] The stipulation does not comply with Local Rule 26-4, which requires "[a]ny motion or stipulation to extend or reopen discovery shall include: (a) A statement specifying the discovery completed; (b) A specific description of the discovery that remains to be completed; (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limts set by the discovery plan; and (d) A proposed schedule for completing all remaining discovery."

6

undertook a detailed and thorough review of the state of the law as it pertains to staying discovery when a dispositive motion is pending. The court held that, in light of the directive in Rule 1 to construe the Federal Rules of Civil Procedure in a manner to "secure the just, speedy, and inexpensive determination of every action," the preferred approach remains as has been previously set forth in *Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989) and *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997). That is, generally, a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." *See Turner Broadcasting*, 175 F.R.D. at 554, 555-6 (quoting *Twin City*, 124 F.R.D. at 653).

The party seeking a stay of discovery "carries the heavy burden of making a strong showing why discovery should be denied." *Tradebay*, 278 F.R.D. at 601 (citing *Turner Broadcasting*, 175 F.R.D. at 556. An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases. Courts generally insist on a particular and specific demonstration of fact as opposed to merely conclusory statements that a stay is warranted. *Twin City*, 124 F.R.D. at 653. Evaluation of a request for a stay often requires a magistrate to take a "preliminary peek" at a pending dispositive motion. This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Tradebay*, 278 F.R.D. at 601 (citation omitted). That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 601. Staying discovery when a pending dispositive motion challenges fewer than all claims or does not apply to all defendants is rarely appropriate. *Little*, 863 F.2d at 685.

Defendants' motion for stay is generalized, non-specific, and conclusory. None of the reasons proffered in support of the stay justifies the relief. The primary rationale appears to be that the resolution of the pending motion to dismiss in Defendants favor "may" moot the need for discovery. Defendants also assert that discovery is premature because they have not filed an answer. They claim that discovery cannot be had because it is not possible to determine what is relevant, as that term is understood in Rule 26(b)(1), until the pending motion to dismiss is resolved. In other words, Defendants contend that discovery should not go forward because it will be made more difficult because of the pending motion

to dismiss. As stated in *Tradebay*, "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery." 278 F.R.D. at 603. Defendants also note their defense to some of the claims and indicate that if it is successful there will be no need for discovery. This claim is not true as Defendants' counsel concedes in the motion to dismiss that, even if the motion to dismiss is granted in its entirety, the excessive force claim will go forward. Defense counsel represents Defendant Brown, who is named in Count VI.[8] Thus, even if the motion to dismiss were granted, discovery on the excessive force claim would go forward. Ultimately, Defendants have not met their "heavy burden" to show discovery should be stayed merely by filing a non-frivolous motion.

Lastly, the motion to stay is moot now that discovery has closed. The motion was filed approximately three (3) weeks prior to the close of discovery. The timing of the filing lends more support to the conclusion that, rather than a request to stay all discovery, the motion was really one for a protective order precluding the need to respond to the propounded discovery that is the subject of Plaintiff's motion to compel. For the reasons stated herein, that particular request is denied. The stipulation to extend discovery (#38) will also be denied as it is a backdoor attempt to obtain a stay due to the pending motion to dismiss. Discovery is now closed.

**2. Motion to Compel**

Plaintiff's motion to compel (#31) will be granted. At the outset, the Court finds that Plaintiff has met the requirement to make a good faith effort to meet and confer prior to filing the motion. Plaintiff submitted a letter, attached as exhibit 1 to motion (#34), requesting Defendants respond to various discovery requests. The Court is aware of the general prohibition in this District on the exchange of letters to satisfy Rule 37's meet and confer requirement or the personal consultation requirement of LR 26-7(b).[9] Nevertheless, that prohibition is necessarily relaxed in the context of an incarcerated individual who does not have ready access to a telephone. There is no indication that Defendants'

---

[8] The Court notes that the motion to compel seeks to secure responses from Defendant Brown on the very claim defense counsel concedes would survive even if the motion to dismiss were granted in full.

[9] The Court further notes that the contested interrogatories are set forth in full within the body of the motion, which the undersigned finds complies with LR 26-7(a).

counsel did not receive the letter. It appears, rather, that Defendants' counsel chose to disregard the letter and submit a motion for protective order eliminating the need to respond. That motion has been denied. In light of the foregoing, Plaintiff's motion to compel is granted. Defendants' responses shall be served by **Friday, May 30, 2014**.

The Court declines to find that Defendants have waived their objections. Federal Rule of Civil Procedure 33 requires a responding party to "serve its answers and any objections within 30 days after being served with interrogatories." Fed. R. Civ. P. 33(b)(2). The general rule is that the failure to provide discovery responses in a timely manner results in the waiver of any objection. *See e.g. Richmark v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). "Courts, however, retain discretion to relieve a late or non-responding party from the potentially harsh consequences associated with waiver." *Liguori v. Hansen*, 2012 WL 760747 *11 (D. Nev.); *see also* Fed. R. Civ. P. 33(b)(4) ("[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.") (emphasis added). In evaluating whether to excuse the failure to provide timely responses, the Court must determine whether there is good cause for the failure. *Liguori*, 2012 WL 760747 *12. Courts have broad discretion in determining whether there is good cause. *E.g. Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) ("The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions . . . will not be disturbed unless they evidence a clear abuse of discretion."). Generally speaking, whether there is "good cause" centers on the diligence of the party seeking relief and is determined on a case-by-case basis. Courts evaluate such factors as: (1) the length of delay, (2) the reason for delay, (3) the existence of bad faith, (4) the prejudice to the party seeking waiver, (5) the nature of the request, and (6) the harshness of imposing sanctions. *Batts v. County of Santa Clara*, 2010 WL 1027990 (N.D. Cal.) (citation omitted).

The undersigned has reviewed the briefing and finds that a waiver of objections in this instance is not appropriate. The length of delay between the time when responses were due and and filing of the motion to compel was minimal. The reason for delay, though ultimately rejected, was not put forth in bad faith. Plaintiff does not request waiver and makes no demonstration of how he would be prejudiced by permitting objections. Waiver is not appropriate under the circumstances.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay (#33) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (#31) is **granted**. Defendants responses to the propounded discovery shall be served on or before **Friday, May 30, 2014**.

**IT IS FURTHER ORDERED** that the parties' Stipulation to Extend (#38) is **denied**.

DATED: May 15, 2014.

_____
C.W. Hoffman, Jr.
UNITED STATES MAGISTRATE JUDGE